**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **CRYSTAL SEA SHIPPING CO., LTD,** | ) |
| **Plaintiff,** | ) ) ) ) **CIVIL ACTION NO:** |
| v. | ) ) **In Admiralty // Rule 9(h)** |
| **ATHENA SHIPPING FZE,** | ) ) |
| **Defendant.** | ) |

**VERIFIED COMPLAINT AND REQUEST FOR ATTACHMENT**
**PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE B**

COMES NOW Crystal Sea Shipping Co., Ltd., and files this Verified Complaint and Request for Attachment Pursuant to Supplemental Admiralty Rule B, as more fully set out herein:

1. This is an action seeking maritime attachment, pursuant to Rule B of the Supplemental Rules for Admiralty and Claims, for damages resulting from breach of a maritime contract; specifically, for the recovery of money arising from breach of a charter party between Plaintiff Crystal Sea Shipping Co., Ltd. ("Crystal Sea") and Defendant Athena Shipping FZE ("Athena").

2. Admiralty and maritime jurisdiction in this Court is invoked pursuant to Rule 9(h), Fed. R. Civ. P., and both 9 U.S.C. § 8 and 28 U.S.C. § 1333.

3. Plaintiff Crystal Sea is a corporation, or legal entity in the nature of a corporation, with its principal place of business in Hong Kong.

4. Crystal Sea was, at all times material hereto, the owner of the M/V OCEAN TIME, an ocean-going cargo vessel (IMO No. 9848522).

5. Defendant Athena Shipping is, based on information and belief, a corporation, or legal entity in the nature of a corporation, with its principle place of business in Dubai, UAE.

6. On or about May 4, 2024 Crystal Sea and Athena entered into a charter party for the M/V OCEAN TIME, contemplating the carriage of coal from the United States to India.

7. Crystal Sea claims that Athena breached the above-referenced charter party by, *inter alia*, failing to remit payments due thereunder despite timely demand for same.

8. As near as same can presently be estimated, damages arising from the breach of charter party by Athena amount to $369,461.00 (USD).

9. Defendant Athena is not present within the Southern District of Alabama. Defendant Athena does not have an office, place of business or agent for service of process within the State of Alabama and cannot be found within this District.

10. Property belonging to Defendant Athena is, or during the pendency of this suit, will be within the jurisdiction of this Honorable Court. Defendant has entered into a time charter for the M/V STAR EMERALD (IMO No. 9827384). As time charterer of said vessel, Defendant Athena owns the bunkers (fuel) aboard the STAR EMERALD, being obligated to provide fuel – amongst other necessities – pursuant to its contractual obligations vis-à-vis the vessel.

11. Defendant's failure to pay Plaintiff for sums due, per above, constitutes a maritime controversy. Plaintiff is entitled, under Rule B of the Supplemental Rules for Admiralty and Maritime Claims, to attachment of the bunkers aboard the STAR EMERALD, up to the amount of its claim for breach of contract, interest, costs and attorney's fees and to secure its claim herein for said amounts.

12. Alternatively, Rule B attachment of the bunkers aboard the STAR EMERALD – as property of Defendant – may be used in aid of arbitration between Plaintiff Sea Crystal and Defendant Athena.

13. Disputes arising from the charter party between Plaintiff Sea Crystal and Defendant Athena for the OCEAN TIME are to be decided by arbitration in Delhi, India. Counsel for Crystal Sea has submitted a formal Request for Arbitration to the Deli International Arbitration Centre; such proceedings either have commenced or will commence shortly.

14. As a direct result of Defendant Athena's breach of the referenced charter party and its failure to make full, timely payments due to Plaintiff Crystal Sea, Plaintiff has suffered damages in the amount of $369,461.00 (USD), as near as same can presently be estimated.

15. All and singular, the foregoing premises are true and correct and within the admiralty and maritime jurisdiction of this Honorable Court.

WHEREFORE, Plaintiff demands and prays for the following relief:

a. That process in due form of law issue against Athena Shipping FZE, citing it to appear and answer all and singular the matters aforesaid;

b. That process in due form of law issue pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims, providing for the attachment of property belonging to Defendant Athena Shipping FZE – the bunkers aboard the M/V STAR EMERALD – which vessel is now or during the pendency of litigation is/will be found within this District and subject to this Court's jurisdiction, as the Defendant cannot be found within the District;

c. That this Honorable Court enter judgment in favor of Plaintiff against the Defendant in an amount not less than $369,461.00 (USD), plus interest, costs and attorney's fees;

d. That the above-described property belonging to Defendant be condemned and sold to pay the judgment; and,

e. That Plaintiff may have such other, further and different relief as justice may require.

Dated this the 27th day of November, 2024.

Respectfully submitted,

*/s/ John P. Kavanagh, Jr.*
John P. Kavanagh, Jr. (KAVAJ1011)
L. Robert Shreve (LSHRE3179)
Burr & Forman LLP
11 N. Water Street, Suite 22200
Mobile, AL 36602
(251) 344-5151
jkavanagh@burr.com
rshreve@burr.com

*Attorney for Plaintiff*
*Crystal Sea Shipping Co., Ltd.*

## **INSTRUCTIONS FOR SERVICE**

Please have the U.S. Marshal serve the Writ of Attachment (per Rule B) upon the vessel STAR EMERALD, where the subject property is located. The STAR EMERALD is berthed at McDuffie Coal Terminal / 1901 Ezra Trice Blvd / Mobile, AL 36603.

Contact John Kavanagh at 251-423-0826 with any inquiries.

## VERIFICATION

STATE OF ALABAMA   )

COUNTY OF MOBILE   )

Personally appeared before the undersigned authority in and for said state and county, John P. Kavanagh, Jr., attorney for Plaintiff, who first being duly sworn, did depose and say as follows:

I am a member of the law firm Burr & Forman LLP, and am acting as attorney for the Plaintiff. I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, except as to the matters therein stated to be on information and belief and, as to those matters, I believe them to be true. I conducted a search for the Defendant within this District and was unable to locate the same.

The sources of my information and the grounds of my belief are the statements and documents furnished to me by employees of or outside counsel of the Plaintiff.

The reason this Verification is not made by the Plaintiff is it is a foreign corporation, none of the officers of which is now within this District.

_____
John P. Kavanagh, Jr.

Subscribed and sworn before me this the 26 day of November, 2024.

_____
Notary Public
My Commission Expires: 09/27/28



VICKIE B. CHILDREE
My Commission Expires
September 27, 2028